UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

LEONARD ALLEN,

               Plaintiff,

   - against -

HELEN ROBINSON COX,

               Defendant.

------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

**OPINION AND ORDER**

**10 Civ. 7118 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 6/16/11

## I.  INTRODUCTION

Leonard Allen ("Allen"), brings this diversity action against Helen Robinson Cox ("Cox") for breach of contract for monies promised by Cox to Allen.  Allen alleges that Robinson orally promised to pay him for helping her recover from a serious illness.  Allen seeks relief for: (1) breach of contract; (2) conversion; (3) misrepresentation; (4) fraud; and (5) prima facie tort.  Defendant now moves to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff fails to state a claim for which relief can be granted.  For the following reasons, defendant's motion to dismiss is granted in part and denied in part.

## II.    BACKGROUND[1]

Allen and Cox were involved in an intimate relationship in which they lived together as domestic partners for twenty-five years.[2]  Plaintiff alleges that Cox's health problems began in 1998, and resulted in "various operations including thyroid removal and removal of several 'cysts'."[3]  Additionally, Allen alleges that Cox was diagnosed and treated for cancer and required medical treatment for this and other health conditions.  Allen does not specify if Cox's cancer also occurred in 1998, or at some later date.[4]  As a result of apparent medical malpractice during treatment, Cox was "judicially awarded a settlement in excess of $1,000,000."[5]

As a result of her continued health problems, Cox called upon Allen for help and support, but this came at a price.  Allen alleges that in June 2006, he and Cox entered into an oral contract whereby Cox offered that "[i]f you take care of me until I get completely through this recovery, I will give you the settlement

---

[1]    The following facts are drawn from the Complaint ("Compl.") and are presumed to be true for purposes of this motion.

[2]    *See* Compl. at 1.

[3]    *Id.* ¶ 11.

[4]    *See id.*

[5]    *Id.*

money."[6]   Allen alleges that this was a service contract where the parties agreed that in exchange for Cox's settlement money, Allen would render the personal services needed to help her recover.[7]   Plaintiff alleges that at the time of this alleged promise, defendant stated that she could have the money ready for Allen within weeks, given that she received the settlement funds on or about July 1, 2006.[8]   Allen alleges that Cox repeated the promise regularly and, at times, in front of witnesses.[9]   After the initial offer and acceptance, Allen alleges that on two separate occasions, modifications were made to the amount of money he would receive.   The first alleged modification occurred on July 1, 2006, when he agreed to accept $800,000.00.[10]   The second modification was in January of 2008, where the promised payment was reduced to $700,000.00.[11]

Allen alleges that soon after Cox received the settlement money in July 2006, she deposited it into joint accounts held in both their names.[12]   While

---

[6]   *Id.* ¶ 16.

[7]   *See id.* ¶ 17.

[8]   *See id.* ¶ 19.

[9]   *See id.*

[10]   *See id.* ¶ 24.

[11]   *See id.* ¶ 27.

[12]   *See id.* ¶ 35.

Allen acknowledges that Cox, as a joint account holder, had access to and control over their funds, he alleges that it was understood that the money belonged exclusively to him.[13]   Allen alleges that in May or June 2007, Cox informed him that the promised money was subject to a large early withdrawal penalty and, therefore, would not be available until September 2009 - three years following the initial deposit.[14]   Allen asserts that he was never paid for his services, and that he "has performed all the conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the contract."[15]

Allen also alleges that Cox breached the contract because she deposited the promised funds into a joint bank account, rather than into an account over which he had exclusive control.  Allen alleges that he was the sole owner of the money deposited into the couple's joint bank account.  He alleges that from November 7, 2006 until June 13, 2007, Cox withdrew funds from the account. "Ms. Cox unbeknownst to Plaintiff, withdrew approximately $430,000 between November 7th and 10th, 2006.  Thereafter, Cox continued on this course . . . and began making telephone withdrawals in amounts under $50,000, culminating in a

---

[13]      *See id.* ¶ 36.

[14]      *See id.* ¶¶ 25-26.

[15]      *Id.* ¶ 29.

total depletion of . . . Mr. Allen's contract proceeds around June 13, 2007."[16]

Allen alleges that Cox misused her access to the money, and that she has continued

to deprive him of his money through a "stall tactic of a 'substantial pre-term

withdrawal penalty' . . ."[17]   Allen argues that Cox misrepresented that she would

pay him the money she promised him in their oral agreement and that he relied to

his detriment on this factual misrepresentation.[18]   Allen maintains that Cox's

actions were "motivated by maliciousness and malevolence."[19]

Plaintiff commenced this action on September 16, 2011.  Cox

maintains that plaintiff fails to state a plausible claim, arguing that: (1) there was

never any oral contract; and (2) any purported contract is barred by the Statute of

Frauds and the Statute of Limitations.

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(6) - Failure to State a Claim

In deciding a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6), the court evaluates the sufficiency of the complaint under the

---

[16]   *Id.* ¶ 39.

[17]   *Id*. ¶ 41.

[18]   *See id.* ¶¶ 45-48.

[19]   *Id.* ¶ 63.

"two-pronged approach" promulated by the Supreme Court in *Ashcroft v. Iqbal*.[20]

*First*, a court "'can choose to begin by identifying pleadings that, because they are

no more than conclusions, are not entitled to the assumption of truth.'"[21]

"Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice" to withstand a motion to dismiss.[22]  *Second*,

"[w]hen there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for

relief."[23]  To survive a Rule 12(b)(6) motion to dismiss, the allegations in the

complaint must meet a standard of "plausibility."[24]  A claim is facially plausible

"when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."[25]

---

[20]      556 U.S. —, 129 S.Ct. 1937, 1950 (2009).

[21]      *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1950).  *Accord Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).

[22]      *Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[23]      *Id.* at 1950.  *Accord Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).

[24]      *Twombly*, 550 U.S. at 564.

[25]      *Iqbal*, 129 S. Ct. at 1949 (quotation marks omitted).

Plausibility "is not akin to a probability requirement;" rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[26]

## B.   Breach of Contract

"To make out a viable claim for breach of contract, a 'complaint need only allege (1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages.'"[27]   Under New York law, a contract need not be in writing in order to be enforceable.  "Oral agreements are [generally] binding unless the parties have explicitly indicated their intention to be bound only by an executed written agreement."[28]   However, an oral agreement is void under New York's Statute of Frauds if "[by] its terms [it] is not to be performed within one year from [its] making."[29]

## C.   Conversion

---

[26]     *Id.* (quotation marks omitted).

[27]     *Eternity Global Master Fund Ltd.*, 375 F.3d 168, 177 (2d Cir. 2004) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)).

[28]     *Bellis v. Tokio Marine and Fire Ins. Co.*, No. 93 Civ. 6549, 2002 WL 193149, at *9 (S.D.N.Y. Feb. 7, 2002).

[29]     N.Y. Gen. Oblig. Law § 5-701(a)(1).

To state a claim for conversion under New York law, a plaintiff must allege facts sufficient to establish that the defendant acted without authorization, defendant exercised dominion or right of ownership over property belonging to the plaintiff, plaintiff has made a demand for the property, and that demand has been refused.[30]  Plaintiff must also "demonstrate legal ownership or an immediate superior right of possession to a specific identifiable thing."[31]

"Money can be the subject of a conversion action 'where there is a specific identifiable fund, and an obligation to return or otherwise treat in a particular manner the specific fund in question.'"[32]  However, an action for conversion of money may not lie where damages are merely being sought for breach of contract.[33]  "[P]laintiff must allege acts that are unlawful or wrongful as

---

[30]   *See Seanto Exports v. United Arab Agencies*, 137 F. Supp. 2d 445, 451 (S.D.N.Y. 2001).  "Demand is not always required in order to make out a claim for conversion.  It is required only when the original possession is lawful." *Reserve Solutions, Inc. v. Vernaglia*, 438 F. Supp. 2d 280, 288 (S.D.N.Y. 2006).

[31]   *Gateway Overseas, Inc. v. Nishat Ltd.*, No. 05 Civ. 4260, 2006 WL 2015188, at *7 (S.D.N.Y. July 13, 2006) (quotation marks and citation omitted).

[32]   *Id.* (quoting *Manufacturers Hanover Trust Co. v. Chemical Bank*, 559 N.Y.S.2d 704, 711-12 (1st Dep't 1990)).

[33]   *See id.*

distinguished from acts that are a mere violation of contractual rights."[34]

Conversion claims are governed by a three-year statute of limitations.[35]

### D.    Fraud and Misrepresentation

In order to prove fraud under New York Law, a plaintiff must show a material misrepresentation of fact made with the intent to defraud the plaintiff, reasonable reliance on the misrepresentation, and an injury suffered as a result of the reliance.[36]  Where fraud is not considered duplicative of a breach of contract claim, a plaintiff must either "(i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages."[37]

### E.    Prima Facie Tort

The elements of a cause of action for prima facie tort under New York law are: "'(1) the intentional infliction of harm, (2) which results in special

---

[34]    *Global View Ltd. Venture Capital v. Great Central Basin Exploration, LLC*, 288 F. Supp. 2d 473, 479 (S.D.N.Y. 2003) (citation omitted).

[35]    *See id.* § 214(3).

[36]    *See Bridgestone/Firestone, Inc. v. Recovery Credit Serv.*, Inc., 98 F.3d 13, 20 (2d Cir. 1996).

[37]    Civil Practice Law and Rules ("CPLR") § 213(2).

damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful[.]'"[38]  "Special damages" is defined as a "'specific and measurable loss.'"[39]  "'Special damages must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts . . . . They must be fully and accurately stated.'"[40]  In addition, the complaint must allege that the defendant was motivated solely by the malicious intention to injure the plaintiff.[41]

## IV.   DISCUSSION

### A.   Breach of Contract

---

[38]     *Langhorne*, 2005 WL 3018265, at *5 (quoting *Freihofer*, 65 N.Y.2d at 142-43).

[39]     *Langhorne v. Port Auth. of New York and New Jersey*, No. 03 Civ. 4610, 2005 WL 3018265, at *5 (S.D.N.Y. Nov. 10, 2005) (quoting *Freihofer v. Hearst Corp.*, 65 N.Y. 2d 135, 143 (1985)).

[40]     *D'Angelo-Fenton v. Town of Carmel*, 470 F. Supp. 2d 387, 401 (S.D.N.Y. 2007) (quoting *Lincoln v. First Bank of Rochester v. Siegel,* 400 N.Y.S.2d 627, 637 (4th Dep't 1977)).

[41]     *See Rodgers v. Grow-Kiewit Corp.*, 535 F. Supp. 814, 816 (S.D.N.Y.), *aff'd*, 714 F.2d 116 (2d Cir. 1992).  "The plaintiff must establish that the only motivation for the behavior of the defendant was 'disinterested malevolence'. . . . This means that 'the genesis which will make a lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage of another.'" *Langhorne*, 2005 WL 3018265, at *5 (quoting *Ruderman v. Stern*, No. 39179/97, 2004 WL 3153217, at *16 (Sup. Ct. N.Y.Co. Oct. 25, 2004)).

Defendant argues that plaintiff has failed to plead the requirements necessary to state a valid breach of contract claim.  Plaintiff has alleged, *inter alia*, (1) that he entered into an oral contract with Cox to take care of her throughout her illness in exchange for $700,000.00; (2) that he performed the promised services for Cox; (3) that he was never paid for his services; and (4) he has suffered damages as a result of the breach.  These allegations are sufficient to allow plaintiff to maintain his breach of contract claim.

Alternatively, defendant argues that the oral agreement does not satisfy the Statute of Frauds.  However, because the terms of the alleged agreement did not specify an amount of time in which performance must have been completed, it could have been performed within one year and, therefore, it satisfies the Statute of Frauds.  Indeed, plaintiff claims the alleged agreement was to be performed within a year of its making.

Defendant also claims that the breach of contract claim is time-barred. In New York, breach of contract claims are governed by a six-year statute of limitations.[42]   Because the alleged breach occurred in 2009, the action is not time-barred.  Therefore, defendant's request to dismiss the breach of contract claim is denied.

---

[42]    *See* CPLR § 213(2).

-11-

### B.    Conversion

Plaintiff next argues that defendant's withdrawal of money from the couple's joint account constitutes conversion.   Because this claim is duplicative of the breach of contract claim, it must be dismissed.[43]  Moreover, to sustain a claim of conversion where the original possession is lawful, plaintiff must make a demand for the specified property.  Plaintiff alleges that defendant promised him the settlement money three years after she received it, a term to which he expressly agreed.  Therefore, any right to payment had not yet accrued when defendant withdrew the money from the joint account in 2007.   At that time, defendant retained both ownership and control of the money.  Moving the funds did not violate any of plaintiff's rights.  As the money was in a joint account, defendant was authorized to withdraw the money.  Because plaintiff failed to plead that he made any demand for the money, other than filing the instant suit, his conversion claim is dismissed.

### C.    Fraud and Misrepresentation

---

[43]      *See Ad Rendon Commc'ns, Inc. v. Lumina Americas, Inc*., No. 04 Civ. 8832, 2007 WL 2962591, at *4-5 (S.D.N.Y Oct. 10, 2007). ("[E]ven if a plaintiff meets all of the elements of a conversion claim, the claim will still be dismissed if it is duplicative of a breach of contract claim . . .[S]imilarly, a conversion claim will 'be deemed redundant when damages are merely being sought for breach of contract.'") (quoting *Rolls-Royce Motor Cars, Inc. v. Schudroff*, 929 F. Supp. 117, 124 (S.D.N.Y. 1996)).

Plaintiff alleges claims of misrepresentation and fraud due to defendant's statement that he would have to wait three years for the settlement money because of an early withdrawal penalty, and that he relied on this alleged misrepresentation to his detriment.  Allen has failed to allege that this was in fact a misrepresentation.  Nor has he alleged that Cox made the statement with an intent to defraud.  Plaintiff claims he was injured by Cox's failure to pay him for his services.   As such, the allegations here are duplicative of his breach of contract claim.  Moreover, the damages Allen seeks for his fraud and misrepresentation claims are recoverable under his breach of contract claim.[44]  A general request for punitive damages is not enough to differentiate the damages recoverable for fraud from those sought for breach of contract.[45]   Accordingly, plaintiff's misrepresentation and fraud claims must be dismissed.

**D.     Prima Facie Tort**

---

[44]     *See Bridgestone/Firestone, Inc.*, 98 F.3d at 20 ("where a fraud claim 'is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie'") (quoting *McKernin v. Fanny Farmer Candy Shops, Inc.*, 176 A.D.2d 233, 234 (2d Dep't 1991)).

[45]     *See Krantz v. Chateau Stores of Can., Ltd.*, 683 N.Y.S.2d 24 (1st Dept 1998).

Finally, plaintiff has failed to plead the elements of a prima facie tort. Allen failed to plead any special damages with particularity.  Therefore, this claim is dismissed.

### E.     Leave to Amend Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that other than amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or with the court's leave."[46]  Although "[t]he Court should freely give leave when justice so requires,"[47] it is "within the sound discretion of the district court to grant or deny leave to amend."[48]  "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."[49]  However, "it is well established that leave to amend a complaint need not be granted when amendment would be futile."[50]

In the instant action, plaintiff's claims for conversion, fraud and misrepresentation were dismissed, in part, because they are duplicative of his

---

[46]     *Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) (quotation marks omitted).

[47]     Fed. R. Civ. P. 15(a)(2).

[48]     *McCarthy v. Dun & Bradstreet Corp*., 482 F.3d 184, 200 (2d Cir. 2007).

[49]     *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).

[50]     *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).

-14-

breach of contract claim.  As such, amending the Complaint would be futile and is

therefore denied.  However, plaintiff may amend his claim for prima face tort,

within twenty-one days of the date of this Order.

## V.    CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted in

part and denied in part.   The Clerk of the Court is directed to close this motion

(Docket No. 14).  A conference is scheduled for July 18, 2011, at 5:00pm.


                                              SO ORDERED:


                                              _____
                                              Shira A. Scheindlin
                                              U.S.D.J.

Dated: New York, New York
        June 16, 2011


-15-

## - Appearances -

**For Plaintiff:**

Kamelia K. Shaw, Esq.
Law Firm of Way & Associates
410 Park Avenue
New York, NY 10022
(704) 609-0660

**For Defendant:**

Dan Brecher, Esq.
Scarinci & Hollenbeck, LLC
99 Park Avenue, 16th Floor
New York, NY 10016
(212) 286-0747